JOHN DOE, *ex dem.*, JOHN CUNNINGHAM, plaintiff in error, vs. RICHARD ROE, cas. ejector, and HENRY BRADLEY, SARAH BASS, and RICE BASS, tenant, &c., defendants in error.

The plaintiff in ejectment may amend by striking out two of three defendants and proceeding against the remaining third.

The question as to who may be joined as defendants in an action of ejectment, considered.

Ejectment, from Sumter county. Tried before Judge ALLEN, March Term, 1858.

This was an action for a lot of land, and was tried on the appeal. Plaintiff submitted a copy grant for the lot from the State to himself, and proved that defendants were in posession about the time suit was brought. Defendants' counsel showed they were not joint tenants or tenants in common, but held by separate and independent possession

Cunningham vs. Bradley, Bass and Bass.

derived from different parties, and not being contemporaneous, or derived from the same source, the plaintiff's counsel objected to this, contending that this fact depended upon the deeds in writing, and could not be proved by parol testimony,

The Court admitted the proof, and plaintiff excepted.

The defendants moved for a nonsuit, which motion the Court granted, and plaintiff excepted, and at the same time, asked to be permitted to amend by striking out from the declaration the names of Sarah and Rice Bass, which the Court refused, and plaintiff excepted.

Plaintiff proposed to open the case again, and introduced proof of a joint tenancy on the part of the defendants, which the Court refused, and plaintiff excepted.

The Court then ordered a nonsuit. Bradley was at the time of the commencement of the suit in possession of the east half of said lot.

Upon these exceptions, error is assigned.

SULLIVAN; WORRILL and HAWKINS, for plaintiff in error.

A. R. BROWN, for defendants in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

This writ is in the usual form of an action of ejectment, claiming *mesne profits.* There were three co-defendants; it turned out upon the trial from an examination of the plaintiff's own witnesses, that their possession was not joint; but that they claimed under different titles, and had taken possession of the land at different times. The defendants moved a nonsuit on that account; that is, the misjoinder of the defendants, which the Court sustained.

The plaintiff proposed striking out two of the three defendants out of the writ, and proceeding against the third; which the Court would not allow.

The plaintiff then asked to re-open the case, and show

Cunningham vs. Bradley, Bass and Bass.

that the defendants were joint tenants; and this the Court refused to permit.

Without pronouncing any judgment upon the first and third grounds, we are clear, that the Court was wrong in refusing to permit the plaintiff to strike out two of the defendants and proceed against the third. We see no possible objection to that.

Conceding that the defendants in ejectment claim different parcels of land under distinct titles, we see no insuperable difficulty in allowing a joint action to be maintained against them; so far as recovery of the possession is concerned. True, it would complicate the defence of each tenant with that of his co-tenants. And it might become necessary to render separate verdicts against each, for the land held by him. In New York, this is done daily; and it would certainly save a multiplicity of suits.

This question underwent some examination in the case of *McGuire's children*, 17 *Ga. Rep.* 303. We there held, and no doubt properly, there could not be a joint recovery, for *mesne profits*, against defendants, who held severally and not jointly. But as *mesne profits* cannot be recovered in this State in a separate action, in order to give force and effect to the statute, would it not be proper to hold, that the damages might be apportioned out against the several defendants, according to their respective possessions? One execution might be issued against all, the amount to be collected out of each being specified, or separate *fi. fas.* against each. The cost might create some trouble.

Although, as we have said, it would make the defence a little more complex; yet in the end, it would save time and expense. And it would be productive of this additional advantage, that all the defendants would have an opportunity of combining to resist the plaintiff's title. For that would be common to all. See 1 *Chitt. Pl.* 86, *and notes; 5 Johns. Rep.* 278; *Serg. & Raule* 435; 7 *Wendell*, 182; 5 *Vermont*, 251.                    Judgment reversed.